On Application eor Rehea ing.
Breaux, J.
After having reconsidered the points involved in this case, and after having carefully read the elaborate brief of energetic counsel, we are still of the opinion that the bonded indebtedness of the company, which represents the purchase price of their franchise and dates a number of years ago, is not, as to the annual payment of interest on this debt, a part of the annual necessary expenses of the business.
*1160 The earning capacity of a company is not such an amount as remains after payment of the whole debt of the company or a part.
It is the excess of receipts over expenses.
To illustrate: Upon property largely encumbered large annual profits may be made, and for this reason it must have considerable value.
The value is not, or should not be, affected by prior indebtedness incurred.
It may be a hardship upon this and other similar companies to make the earning capacity the basis of value of the property assessed, instead of taking the market value of the stock. A consideration of that view is not withiD our jurisdiction. The remedy is within the legislative, and not the judicial control.
As relates to the value of the stock, the facts do not place that •question before us for decision.
The case was tried with reference to the earning capacity of the .road as establishing value.
Payments of the debts of the shareholders does not affect the value.
Under the statute the limited life of the franchise, if it does not affect the value of the property, is not good ground to reduce the assessment. Rehearing refused.